UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

SCOTT CARROLL          ]
    Petitioner,        ]
                       ]
v.                     ]    No. 2:16-cv-0094
                       ]    Chief Judge Sharp
CHERRY LINDAMOOD, Warden ]
    Respondent.        ]


**M E M O R A N D U M**

The petitioner, proceeding *pro se*, is an inmate at the South Central Correctional Center in Clifton, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against Cherry Lindamood, Warden of the facility, seeking a writ of habeas corpus.[1]

**I. Background**

On August 19, 2011, a jury in DeKalb County found the petitioner guilty of initiating a process intended to result in the manufacture of methamphetamine and reckless endangerment. Doc. No. 20-5 at pgs. 45-48. The reckless endangerment conviction was subsequently dismissed on sufficiency grounds. Doc. No. 20-1 at pg. 94. For the remaining conviction, the petitioner was sentenced as a career offender to thirty (30) years in prison. Doc. No. 20-7 at pg. 24.

On direct appeal, the Tennessee Court of Criminal Appeals affirmed the conviction. Doc.

---

[1] When this action was originally filed, the petitioner was an inmate at the Whiteville Correctional Facility in Whiteville, Tennessee where Tammy Ford is the Warden. He has since been transferred to his present place of confinement where his custodian is Warden Cherry Lindamood. *see* Doc. No. 21, fn. 1.

1

No. 20-12. The Tennessee Supreme Court later denied petitioner's request for additional review. Doc. No. 20-14.

In January, 2014, the petitioner filed a *pro se* petition for state post-conviction relief in the Criminal Court of DeKalb County. Doc. No. 20-15 at pgs. 5-13. Following the appointment of counsel, an amendment of the petition and an evidentiary hearing, the trial court denied the petitioner's request for post-conviction relief. *Id.* at pgs. 35-44.

On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Doc. No. 20-20. There was no further review of the conviction sought in the state courts.

## II. Procedural History

On October 27, 2016, the petitioner initiated this action with the *pro se* filing of a petition (Doc. No. 1) for writ of habeas corpus in the Western District of Tennessee. The petition consists of sixteen (16) claims. These claims include :

1) the trial court erred when the prosecution was allowed to amend the indictment by changing the date of the offense (at pg. 10);

2) the evidence was insufficient to sustain the conviction (at pg. 23);

3) the trial court erred when it refused to instruct the jury as to lesser included offenses (pg. 27);

4) it was error to allow the introduction of an inventory list of ingredients and photographs of the crime scene (pg. 34);

5) the petitioner should not have been sentenced as a career offender (pg. 37);

6) the trial court erred by refusing to suppress evidence taken during a search of the home where the petitioner was arrested (pg. 42);

2

7) the petitioner was denied the effective assistance of trial counsel when his attorney;[2]
   a) failed to file a motion to dismiss or request a jury instruction based upon the destruction of evidence recovered from the meth lab (pg. 45);
   b) neglected to file a motion in limine based upon the prosecution's failure to preserve "any sample or test results related to any substances which the State claimed to be involved in the process of creating methamphetamine" (pg. 50);
   c) did not object to testimony that items such as those found in the petitioner's possession were used in the meth producing process (pg. 51);
   d) failed to investigate an "other person who manufactured the drugs at the crime scene prior to Petitioner's arrest upon Petitioner's tip" (pg. 51);
   e) neglected to have the burners from the crime scene tested (pg. 51);
   f) failed to object to the introduction of Exhibit 3, an inventory of items found in or near the petitioner's backpacks (pg. 51);
   g) did not introduce photos of the backpacks (pg. 51);
   h) failed to adequately cross examine Jeremy Taylor (pg. 51);
   i) failed to seek a jury instruction on the prosecution's duty to preserve evidence (pg. 51); and
   j) failed to inform the petitioner of a plea offer (pg. 51).

By order (Doc. No. 4) entered November 3, 2016, the case was transferred from the Western District of Tennessee to this judicial district. Upon its receipt, the Court reviewed the petition and

---

[2] At trial, the petitioner was represented by Allison Rasbury West, an Assistant Public Defender in Putnam County.

3

determined that the petitioner had stated a colorable claim for relief. Accordingly, the respondent was directed to file an answer, plead or otherwise respond to the petition. Doc. No. 6.

Presently before the Court is respondent's Answer (Doc. No. 21), to which the petitioner has offered no reply.

Having carefully considered the petition, respondent's Answer and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Schriro v. Landrigan, 550 U.S. 465, 474 (2007). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

### III. Analysis of the Claims

**A.) Fourth Amendment Claim**

Roy Wilkey believed that the petitioner and two of his friends were "cooking" methamphetamine at the house where he lived with his two daughters. Wilkey reported his suspicions to the DeKalb County Sheriff's Department. Doc. No. 20-4 at pg. 18.

Jeremy Taylor, a detective with that agency, went to the house to investigate Wilkey's suspicions. Wilkey gave Detective Taylor both verbal and written permission to enter the house and conduct a search of the premises. *Id.*. Wilkey pointed out where the petitioner was in the house. Detective Taylor went to that room and knocked on the door. The petitioner answered the door. *Id.* at pg. 44. He was wearing rubber gloves. The petitioner invited Detective Taylor in (*Id.* at pg. 19), backed away from the door, put his hands on his head, and said "It's all mine". *Id.* at pgs. 48-49.[3]

Detective Taylor smelled what he believed to be methamphetamine cooking. *Id.* at pg. 25.

---

[3] The petitioner later explained that "It's all mine" referred to two backpacks that were found in the room with him.

He also saw the type of equipment used to cook methamphetamine operating in the room. *Id.* at pgs. 20-21. The petitioner was placed under arrest and the equipment found during the search was seized by the police.

The petitioner claims that the trial judge erred when he refused to suppress the evidence taken during the search (Claim No. 6).

The Fourth Amendment guarantees that an individual will be secure in his person, home, papers and effects from unreasonable searches and seizures. Where the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, though, the Constitution does not require that a state prisoner be granted habeas corpus relief on the ground that the search and seizure were invalid. Stone v. Powell, 428 U.S. 465,482 (1976). In deciding whether the petitioner received an opportunity for a full and fair hearing in state court, this Court must determine whether the state court took "cognizance" of the petitioner's arguments. Riley v. Gray, 674 F.2d 522,525 (6th Cir.), *cert. denied* 459 U.S. 948 (1982).

A pre-trial suppression hearing was conducted to ascertain the validity of the search that led to the seizure of drug producing equipment in the petitioner's possession. Doc. No. 20-2. During this hearing, it was learned that Wilkey resided at the house with his two daughters. The lease for the property was in Wilkey's mother's name. *Id.* at pg. 10. The petitioner did not live at the house. *Id.* at pg. 11. Nor did he keep clothes at the house. *Id.* at pg. 19. "He stayed over now and then" with one of Wilkey's daughters. *Id.* at pg. 11. The trial judge found that Wilkey's permission to enter the house was valid, while the petitioner gave Detective Taylor permission to enter the room he was in with his friends. *Id.* at pgs. 38-40.

The petitioner chose not to testify at the pre-trial suppression hearing. On direct appeal, he

unsuccessfully challenged the refusal to suppress the evidence. Doc. No. 20-12 at pgs. 9-11. Thus, the petitioner argued this claim in both the trial and appellate levels of the state court system. Those courts took cognizance of petitioner's claim that Wilkey did not have the authority to authorize a search of the room where the petitioner and his friends had gathered. There has been nothing to suggest that the state courts in any way hindered the petitioner's ability to get a full and fair hearing of this issue. Accordingly, petitioner's Fourth Amendment claim can not provide a basis for the granting of habeas corpus relief.

**B.) Non-Cognizable Claims**

Federal habeas corpus relief is only available to cure "a violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Thus, a claim that is based upon a perceived error or misapplication of state law will not normally be recognized as an actionable claim for federal habeas corpus relief. Estelle v. McGuire, 502 U.S. 62, 67 (1991).

The petitioner claims that the trial judge erred by failing to instruct the jury as to lesser included offenses (Claim No. 3), by allowing the introduction of an inventory list and photographs of the crime scene (Claim No. 4) and by sentencing the petitioner as a career offender (Claim No. 5). These claims were raised in the state courts as errors arising from state evidentiary rules and statutes, rather than as violations of federal law. Doc. No. 20-10 at pgs. 12-18. As a consequence, these issues do not provide the petitioner with a basis for obtaining federal habeas corpus relief.

**C.) Procedurally Defaulted Claims**

A federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in his petition. 28 U.S.C. § 2254(b)(1).

While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine which promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Consequently, as a condition precedent to seeking federal habeas corpus relief, the petitioner is required to fairly present his claims to every available level of the state court system. Rose v. Lundy, 455 U.S. 509, 518-20 (1982); Lyons v. Stovall, 188 F.3d 327,331 (6th Cir.1999). The petitioner must offer the state courts both the factual and legal bases for his claims. Hicks v. Straub, 377 F.3d 538,552 (6th Cir.2004). In other words, the petitioner must present "the same claim under the same theory" to the state courts. *Id.*. It is not enough that all the facts necessary to support a federal claim were before the court or that the petitioner made a somewhat similar state law claim. Anderson v. Harless, 459 U.S. 4,6 (1982).

Once petitioner's federal claims have been raised in the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider the claims. Manning v. Alexander, 912 F.2d 878, 883 (6th Cir. 1990).[4]

The petitioner claims that his trial counsel was ineffective for failing to file a motion in limine (Claim No. 7b), failing to object to testimony related to the use of items seized from the petitioner in the production of methamphetamine (Claim No. 7c), failing to investigate another individual who may have been involved in producing methamphetamine (Claim No. 7d), neglecting to have the burners tested (Claim No. 7e), failing to object to the introduction of an inventory of items found in or near the backpacks (Claim No. 7f), failing to introduce photos of the backpacks

---

[4] In Tennessee, a petitioner need only take his claims to the Tennessee Court of Criminal Appeals in order to fully exhaust his available state court remedies. Rule 39, Tenn. Sup. Ct. Rules; *see also* Adams v. Holland, 324 F.3d 838 (6th Cir. 2003).

(Claim No. 7g), failing to adequately cross examine Detective Taylor (Claim No. 7h), neglecting to request a jury instruction on the prosecution's obligation to preserve evidence (Claim No. 7i), and failing to inform the petitioner of a plea offer (Claim No. 7j). These claims were never raised in the state appellate court for review. Doc. No. 20-18.

Unfortunately, at this late date, the petitioner is no longer able to raise these issues in the state appellate court for review. *See* Tenn. Code Ann. § 40-30-102(a) and (c). Therefore, by way of procedural default, the petitioner has technically met the exhaustion requirement with respect to these claims. Alley v. Bell, 307 F.3d 380, 385 (6th Cir. 2002)(if an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas corpus review).

The exhaustion of a claim *via* procedural default does not, however, automatically entitle a habeas petitioner to federal review of that claim. To prevent a federal habeas petitioner from circumventing the exhaustion requirement in such a manner, the Supreme Court has held that a petitioner who fails to comply with state rules of procedure governing the timely presentation of federal constitutional issues forfeits the right to federal review of those issues, absent cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional violations. Gray v. Netherland, 518 U.S. 152, 162 (1996).

A habeas petitioner, though, can not rely on conclusory assertions of cause and prejudice to overcome the adverse effects of a procedural default. Rather, he must present affirmative evidence or argument as to the precise cause and prejudice produced. Lundgren v. Mitchell, 440 F.3d 754, 764 (6th Cir.2006). To demonstrate cause, the petitioner must show that an objective factor external to the defense interfered with his ability to comply with the state procedural rule. Murray v. Carrier,

8

477 U.S. 478, 488 (1986). To establish prejudice, there must be a showing that the trial was infected with constitutional error. United States v. Frady, 456 U.S. 152, 170-72 (1982).

The petitioner has alleged that post-conviction counsel was ineffective for failing to present all available issues during the post-conviction appeal. Doc. No. 1 at pg. 53. Such an assertion may be used to establish cause for a procedural default. *See* Martinez v. Ryan, 566 U.S. 1, 9 (2012)(inadequate assistance of counsel at initial review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial). It is noted, however, that the failure of counsel "to raise an issue on appeal could only be ineffective assistance if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal." McFarland v. Yukins, 356 F.3d 688, 699 (6th Cir. 2004); *see also* Jones v. Barnes, 463 U.S. 745 (1983)(counsel has no constitutional duty to raise every non-frivolous issue requested by the petitioner). The petitioner has made no such showing of cause with regard to the defaulted claims. Nor has the petitioner made a showing of prejudice. As a consequence, the petitioner has failed to demonstrate that the procedural default of these claims should be excused. Teague v. Lane, 489 U.S. 288, 297-98 (1989)(denial of a claim is appropriate when the federal claim was not raised in the state appellate court for review).

**D.) Fully Exhausted Claims**

The remaining claims, i.e., the amendment of the indictment (Claim No. 1), the sufficiency of the evidence (Claim No. 2) and trial counsel's failure to file a motion to dismiss or request a jury instruction based upon the failure of the prosecution to preserve evidence (Claim No. 7a) were fully exhausted on either direct appeal or during post-conviction proceedings and were found to be lacking in merit.

9

The availability of federal habeas corpus relief is limited with regard to claims that have been previously adjudicated on the merits in state court. Harrington v. Richter, 562 U.S. 86, 92 (2011). When a claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless (1) it resulted in a decision contrary to clearly established federal law or (2) involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); Nevers v. Killinger, 169 F.3d 352, 357 (6th Cir.1999).

In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 405 (2000). To grant the writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. *Id.* at 529 U.S. 413. In short, the petitioner "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington, *supra* at 562 U.S. 103.

### Amendment of the Indictment

Just prior to trial, the prosecution filed a motion to amend the indictment by changing the date of the offense from January 25, 2011 to January 23, 2011. Doc. No. 20-1 at pg. 39. The trial judge granted said motion. Doc. No. 20-1 at pg. 50. The petitioner now alleges that it was error to allow the prosecution to amend the indictment at that late date (Claim No. 1).

A defendant facing the possibility of incarceration has a due process right to be informed of

the accusations against him. Lucas v. O'Dea, 179 F.3d 412, 417 (6th Cir. 1999). In this regard, the incorrect date of the offense was in no way material to the charges against the petitioner. The amendment of the indictment, which was procedurally proper under Tennessee law, Rule 7(b)(2), Tenn. R. Crim. P., did not add or change the offenses for which the petitioner was being tried. Nor did the amendment deprive the petitioner of notice of the charges he faced. The petitioner has shown no prejudice arising from the amendment. Thus, the state courts did not offend federal law when they held that this claim lacked merit.

### Sufficiency of the Evidence

The petitioner challenges the sufficiency of the evidence to support a conviction for initiating a process intended to result in the manufacture of methamphetamine (Claim No. 2).

The right to due process guaranteed by the Constitution insures that no person will be made to suffer the onus of a criminal conviction except upon sufficient proof. Sufficient proof has been defined as the "evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." Jackson v. Virginia, 443 U.S. 307, 316 (1979). When weighing the sufficiency of the evidence to support a criminal conviction, the Court must view the evidence in a light most favorable to the prosecution. *Id.* at 443 U.S. 319.

It is the responsibility of the jury, not the court, to decide what conclusions should be drawn from evidence admitted at trial. Cavazos v. Smith, 565 U.S. 1, 2 (2011). For that reason, within the context of a sufficiency of the evidence claim, a court need only answer "whether that finding was so unsupportable as to fall below the threshold of bare rationality." Coleman v. Johnson, 566 U.S. 650, 656 (2012).

The evidence against the petitioner began when the DeKalb County Sheriff's Department

received a tip from Roy Wilkey that he suspected the petitioner and some friends were cooking meth in his home Doc. No. 20-4 at pg. 18. Detective Taylor of the DeKalb County Sheriff's Department was dispatched to investigate Wilkey's suspicions. When he arrived at Wilkey's home, the Detective was given permission to enter and conduct a search of the premises. *Id.*

In the room where the petitioner was found with two associates, Detective Taylor smelled what he believed to be meth cooking. *Id.* at pg. 25. The petitioner and his associates were wearing rubber gloves, *Id.* at pg. 44, and the Detective saw equipment in operation that is used to manufacture methamphetamine. *Id.* at pgs. 20-21. The petitioner put his hands on his head and told the Detective "It's all mine." *Id.* at pgs. 48-49. Two backpacks were found in the room that contained more equipment that could be used for making methamphetamine. Testimony from another law enforcement officer (Sheriff Patrick Ray) confirmed that the equipment seized from the petitioner is used in the manufacture of methamphetamine.

From this evidence, it is clear that a juror could find beyond a reasonable doubt that the petitioner was guilty of initiating a process intended to result in the manufacture of methamphetamine. For that reason, petitioner's sufficiency of the evidence claim has no merit.

## Ineffective Assistance of Counsel

At the time of petitioner's arrest, the police confiscated some clear liquid that had been "cooking". Doc. No. 20-4 at pg. 23. The liquid was not sent to a lab for testing because it was unsafe to do so. *Id.* at pg. 62. The petitioner asserts that this evidence should not have been disposed of before testing because it could have provided him with some exculpatory value. The petitioner's final claim is that trial counsel had been ineffective for failing to file a motion to dismiss or request a jury instruction based upon the destruction of evidence recovered from the alleged meth lab (Claim

No. 7a).

The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. Missouri v. Frye, 566 U.S. 133, 138 (2012). To establish a violation of this right, the petitioner bears the burden of pleading and proving that his attorney's performance was in some way deficient *and* that the defense was prejudiced as a result of the deficiency. Strickland v. Washington, 466 U.S. 668, 687 (1984). A deficiency occurs when counsel has acted in a way that falls below an objective standard of reasonableness under prevailing professional norms. *Id.* at 466 U.S. 688. Prejudice arises when there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *Id.* at 466 U.S. 694.

Where the issue is one of ineffective assistance of counsel, review under the Anti-Terrorism and Effective Death Penalty Act is "doubly deferential", Cullen v. Pinholster, 563 U.S. 170, 190 (2011), because counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, *supra* at 466 U.S. 690.

The failure of police to preserve potentially exculpatory evidence is not a denial of due process unless the petitioner can show bad faith on the part of the police. Arizona v. Youngblood, 488 U.S. 51, 57-58 (1988)(referring to the failure to preserve evidentiary material for testing). The actual production of methamphetamine is not an element of this crime. *See* Tenn. Code Ann. § 39-17-435(b). Therefore, the police were not acting in bad faith when the clear liquid was disposed of prior to testing. The petitioner's defense did not suffer as a result of not testing the clear liquid. Consequently, counsel can not be deemed to have been deficient in this regard. Thus, counsel was not ineffective.

## IV. CONCLUSION

The petitioner's claims related to the search of the residence (Claim No. 6), the failure to instruct on lesser included offenses (Claim No. 3), the introduction of the inventory and photographs (Claim No. 4) and his sentencing (Claim No. 5) are not cognizable in this proceeding.

All but one of the petitioner's ineffective assistance claims (Claim Nos. 7b-j) fail because their procedural default is unexcused.

The state courts determined that the petitioner's fully exhausted claims, i.e., the amended indictment (Claim No. 1), the insufficiency of the evidence (Claim No. 2) and the ineffectiveness of trial counsel for failing to file a motion to dismiss or seek a jury instruction (Claim No. 7a) lacked merit. The record supports this finding. The petitioner has failed to rebut the presumption of correctness accorded to the findings of fact made by the state courts with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Nor has he shown in what way the legal conclusions made by the state courts with respect to his exhausted claims are either contrary to or an unreasonable application of federal law. Accordingly, this action has no merit and will be dismissed.

An appropriate order will be entered.

_Kevin H. Sharp_
Kevin H. Sharp
Chief District Judge